ACCEPTED
04-14-00655-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/17/2015 1:09:08 AM
KEITH HOTTLE
CLERK

# The Chimene Law Firm

2827 Linkwood Dr.
Houston, TX 77025
michelec@airmail.net

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/17/2015 1:09:08 AM
KEITH E. HOTTLE
Clerk

September 16, 2015

Hon. Chief Justice Sandee Bryan Marion
Hon. Karen Angelini
Hon. Jason Pulliam
Fourth Court of Appeals – San Antonio, Texas
300 Dolorosa, Ste 3200
San Antonio, TX. 78205

      Re: 04-14-00655-CV; *Hosek v. Scott*; On Appeal to the Fourth Court of
      Appeals – San Antonio, Texas

To the Honorable Panel:

      In oral argument on September 9, 2015, the Honorable Chief Justice Sandee
Bryan Marion requested that the parties brief the issue of standing. The following
is Appellants' Brief on Standing.

## STATEMENT OF RELEVANT EVENTS

      The following dates are crucial to an understanding of when Ms. Scott ceased
to hold mineral interests:

● The Partition Deed was entered into on 8/17/1979. (CR1 : 114).
● The twenty-five year period of non-partition of minerals ended on 8/17/2004.
(CR1: 114). There was no production at this time. It is Appellants' position that a
50% reversionary interest in the minerals vested in the owners' of the surface at that
time, in addition to the 50% interest already held by the surface owner.
● The Morales Deed was entered into by Scott on 3/4/1986. (CR1 : 81-83).
● The King Deed was entered into by Scott on 1/29/1990. (CR1 : 84-85). ● The
twenty-year period during which Ms. Scott reserved the right to the King minerals
ended on 1/29/2010. (CR1 : 84).
● Defendant Scott's Counterclaim was filed on 7/24/2013. (CR1 : 6).

## SUMMARY OF THE ARGUMENT

Ms. Scott wanted to sell the land and Ms. Scott's buyers wanted the minerals. Ms. Scott sold 100% of her land in two parcels: one to the Morales and one to the Kings.

Two mineral interests were reserved in the King Deed. One was the mineral interest held by the Hoseks under Rosale's tracts at the time of sale. Of course, Rosalie could not have lawfully sold the Hosek's interest, but it is common for deeds to reserve what the seller does not own in order to clarify the record of title. The other was a reservation of the minerals to Ms. Scott, but it was only for twenty years. That twenty years has expired.

The mineral interest reserved in the Morales' Deed only covered one interest. It merely reserved a half interest under language similar to the cautionary reservation that reserved the Hosek interest in the King deed. As the Morales deed did not specify that the reservation was for Rosale's own half interest in the mineral rights, it is logical to infer that this reservation only reserved the Hosek's interest. Therefore, the Morales deed did in fact convey Rosale's mineral interest. Rosale reserved no minerals under the Morales tract for herself.

As of January 29, 1990, Rosale had conveyed all of her surface rights to the property she once held in conjunction with the Hoseks. She had retained mineral rights under the King tract, but under the Morales tract, only the Hosek's mineral rights were reserved. On August 17, 2004, the prohibition on partition of the minerals in the Partition Deed expired, and "Rosale's" minerals were now under her land, but, because it was no longer "her" land, the one-half interest that "moved" from under the Hosek's tract now belonged to the new landowner. This is because the Morales and Kings had bought a fee simple in their lands. A fee simple interest includes all the minerals that were not explicitly reserved. On January 29, 2010, Rosale's reservation of the minerals under the King tract expired, after which she held no rights of any kind (surface or minerals) to the property she had once held in conjunction with the Hoseks.

Therefore, she owns no minerals and thus has no standing to make a claim for interests to the property in question.

## The Morales' Deed

The deed from Ms. Scott to the Morales was executed on March 4, 1986. (CR1: 81-83).  It provided that Rosale Voight Scott and her husband "do Grant, Sell and Convey unto Evaristo Morales and wife…the following described real property, lying and being situated in Atascosa County, Texas and more particularly described as follows, to-wit:
BEING 60.00 acres of land…"  This was the language of a fee simple grant, conveying both surface and minerals, unless a portion of the minerals were reserved in the deed.

The only reservation of minerals in the Morales' Deed is a one-half interest in and to the oil, gas, and other minerals that was created in the Partition Deed – i.e. Ivarene's interest, which was still under Rosale's land, it not yet being 2004.  (CR1: 81).  Rosale opined that she was selling Ivarene's interest and keeping her own, (CR SUPP 76-77), but she could not sell what she did not own, so it had to be Ivarene's interest that was reserved.  Rosale tried, through Mr. Weatherbee, to get Ivarene to exchange one-half interests early, to be able to see the Morales that one-half also, but Ivarene did not agree.  (CR1 : 76).  In 2004, when the reverter became effective, the mineral interests were shuffled, and the Morales, having bought the Scotts' land in fee, obtained the final one-half interest in the minerals, leaving Ivarene with 100% of the minerals under her land but leaving Rosale with no minerals under the Morales tract.  This is why the oil company went to the Morales, rather than Rosale, when it was leasing mineral interests.  (CR SUPP 77).

## The King Tract

Rosale sold the reminder of the surface and minerals to the Kings on January 29, 1990. (CR1: 84-85).  In the deed, she reserved unto Rosale Voight Scott, her heirs and assigns, an undivided one-half interest in the minerals *for twenty years from date hereof*.  (CR1 : 84).  That twenty years was expired at the tiem this suit was launched.  (CR1 : 6).  She also reserved the "Mineral and/or royalty interest excluded or retained in Volume 510, Page 126, Deed Records of Atascosa County, Texas, i.e. the Partition Deed.  Again, Ivarene still owned the one-half interest under Rosale's tract, and Rosale could not give away what she did not own.  In 2004, when mineral interests shuffled, the other one-half interest, that had been Rosale's, was vested in the Kings.  At the end of twenty years, Rosale owned no mineral interests

under the Morales, King or Hosek tracts.  As such, she has no standing to make her counterclaim or win a motion for summary judgment.

## CONCLUSION & PRAYER

The Morales and the Kings wanted the minerals when they bought Rosale's tracts.  She negotiated with them, but all she was able to retain was the minerals for a twenty-year period under the King tract.  She held no mineral interests at the time of this lawsuit, so she does not have standing to bring this suit.  The trial court's judgment must be reversed and judgment rendered for the Hoseks.

WHEREFORE, PREMISES CONSIDERED, the Hoseks ask that the trial court's judgment be reversed and judgment rendered for the Hoseks, as well as any other and further relief as may be just.

Respectfully submitted,

/s/ MB CHIMENE

THE CHIMENE LAW FIRM
TBN 04207500
2827 Linkwood Dr.
Houston, TX. 77025
PH: 832 517 8828 (cell); No fax
michelec@airmail.net

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this document was printed in 14pt Times Roman proportional font and is 1239 words long.  /s/ MB CHIMENE

## CERTIFICATE OF SERVICE

The undersigned certifies that Wade Caldwell and Raquel Perez have been served on this 17th of September, 2015 through ECF.

/s/ MB CHIMENE